UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT EDWARD SIPPOLA,

    Petitioner

v.                                                  Case No. 2:12-cv-421
                                                  HON. R. ALLAN EDGAR

UNITED STATES OF AMERICA,

    Respondent.
_____/

**MEMORANDUM**

Defendant's former attorney, Sarah Henderson, has filed, through her attorney a Motion for Protective Order (Doc. #19).  This is a habeas case filed by Ms. Henderson's former client, Scott Sippola.  Ms. Henderson represented Mr. Sippola in a criminal case wherein Mr. Sippola went to trial and was convicted of Conspiracy to Extort Money By Use of Interstate Communications, Transmission of Interstate Communication of Threat to Injure the Reputation of Another With Intent to Extort Money, and Interstate Communication of Threat to Injure the Reputation of Another With Intent to Extort Money.  He is currently serving a sentence as a consequence.

Mr. Sippola has filed a petition for habeas corpus wherein he makes a claim that he received ineffective assistance of counsel from Ms. Henderson.  His claim appears to arise out of alleged legal advice she provided Sippola regarding plea negotiations.  This is the only claim that remains in the case subsequent to this Court's Memorandum and Order of July 25, 2013 (Doc. #13).

Ms. Henderson is concerned about her attorney-client privilege obligations concerning testimony about her discussions with Mr. Sippola.  These concerns are without foundation.

As this Court has already said, (Doc. #7) when Mr. Sippola asserted his Sixth Amendment claim of ineffective assistance of counsel, he waived his attorney-client privilege with respect to all matters relevant to that claim. This waiver applies to any written and oral communication flowing between Sippola and Ms. Henderson necessary or relevant to proving or disproving the ineffective assistance of counsel claim. This waiver is amply recognized in caselaw. *See In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Zaragosa-Tapia v. United States*, 2013 WL 1615556 (S.D. Ohio Apr. 15, 2013); *United States v. Clark*, 2013 WL 74616 (W.D. Mich. Jan. 7, 2013) (Neff, J.); *United States v. Lossia*, 2008 WL 192274 (E.D. Mich. Jan. 23, 2008). The waiver is also, as Ms. Henderson's attorney points out, recognized in Rule 1.6 of the Michigan Rules of Professional Conduct.

It is also worth pointing out that the attorney-client privilege belongs to the client (Mr. Sippola) not the attorney (Ms. Henderson). *People v. Waclawski*, 286 Mich. App. 634, 694 (2009), *citing People v. Bortnik*, 28 Mich. App. 198, 201 (1970); *Glidden Co. v. Jandernoa*, 173 F.R.D. 459, 475 (W.D. Mich. 1997) (Scoville, M.J.); *Liberty Life Assur. Co. of Boston v. Smith*, 2010 WL 3064190, at *3 (E.D. Tenn. Aug. 3, 2010) (Carter, M.J.) (internal citations omitted).

Since the Court is perfectly capable of determining what evidence is and is not relevant to the ineffective assistance claim, there is no reason to take Ms. Henderson's testimony in a closed session of the Court, as she suggests through counsel. Client confidences, the disclosure of which have not been waived, will be duly protected. A closed hearing is neither necessary nor desirable.

ENTERED.

Dated: 9/23/2013          /s/ R. Allan Edgar
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE